UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HAZEL ROBERTS                                                           PLAINTIFF

v.                                              CIVIL NO. 3:13-cv-1033-DPJ-FKB

THE ALLSTATE CORPORATION and
AMERICAN HEALTH AND LIFE
INSURANCE COMPANY                                                   DEFENDANTS

ORDER

This insurance-coverage dispute is before the Court on the motion for summary judgment

[10] filed by Defendants The Allstate Corporation aka Allstate Life Insurance Company

("Allstate") and American Health and Life Insurance Company ("AHL").  Plaintiff Hazel

Roberts filed no response.  Having considered the premises, the Court concludes that the motion

should be granted.

I.       Background

In very general terms, Jeffery D. Roberts purchased three insurance polices from the

Defendants, the first in 1982 and the last in 1996.  There appears to be no dispute that the

policies were cancelled due to nonpayment and that all coverage expired by January 2011.

Tragically, Roberts died in May of that year.  Though the policies expired, Roberts's widow,

Plaintiff Hazel Roberts, made a claim on all three—all three claims were denied.

Aggrieved by the insurer's decision, Roberts originally filed suit in the County Court of

Lauderdale County, Mississippi, but Defendants removed the case July 24, 2013, based on

diversity of citizenship.  Roberts never moved to remand, the parties are clearly diverse, and the

demand exceeds $75,000.  Accordingly, the Court exercises subject-matter jurisdiction.

A case-management conference occurred October 8, 2013, and nothing else happened until Defendants moved for summary judgment on February 5, 2014. Plaintiff failed to respond, prompting a March 21, 2014 show-cause order directing her to either respond or concede the motion no later than April 4, 2014. Plaintiff then sought and received an extension of time until April 11, 2014 to file her response. In that motion, counsel indicated that family medical issues had hampered his efforts. But the extended deadline also expired without response. Given the nature of Plaintiff's excuse, the Court entered a final show cause order on April 21, directing response by April 25. While the Court is sympathetic to counsel's stated reason for the initial failure to respond, it must now address the pending motion.

II.     Standards

Summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. "The party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 422 (5th Cir. 2007) (noting that the moving party bears the "burden of demonstrating that there is no genuine issue of material fact"). "The non-moving party must then come forward with specific facts showing there is a genuine issue for trial." *Washburn*, 504 F.3d at 508.

In this case, Plaintiff filed no response, but that alone will not justify granting Defendant's motion. *See* Uniform Local Rule 7.2(b)(3)(e) (dispositive motions may not be

2

granted as unopposed).  As explained by the Fifth Circuit, district courts must first consider the record.

> [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied—even if the non-movant has not responded to the motion.  But where the movant's summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances.

*McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming summary judgment where counsel failed to file timely response).

In other words, the Court cannot grant a summary judgment motion for the mere lack of response, but if the record establishes that the movant met its burden under Rule 56(a), then the absence of responsive affidavits or other record evidence creating a genuine issue for trial will justify an order granting the motion.  *Id.*; *see also Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment where non-movant failed to respond); *Stewart v. City of Bryan Public Works*, 121 F. App'x 40, 42 (5th Cir. 2005) (same); *Ahart v. Vickery*, 117 F. App'x 344, 344 (5th Cir. 2004) (same).[1]

III.    Analysis

A.    Failure to Respond

Plaintiff has never taken the necessary steps to prosecute this case.  It appears that she conducted no discovery, and she has never responded to Defendants' dispositive motion despite two show-cause orders.  The Court has the authority under Rule 41(b) of the Federal Rules of

---

[1] Plaintiff should have responded, but it does not appear that this lapse affects the outcome of the case.

Civil Procedure and under its inherent authority to dismiss an action for failure to prosecute and/or comply with Court orders. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The final show-cause order flatly warned that the "[f]ailure to respond will result in the dismissal of this action without further notice." Plaintiff failed to respond, and the case is therefore dismissed on this separate basis.

B.      Summary Judgment

It is difficult to say what claims Roberts brings in this case. The Complaint does not include separate counts. *See* Fed. R. Civ. P. 10(b). It also fails to identify any specific legal theories or causes of action. Roberts does, however, aver that for over 18 years the Defendants gave her notice that payment was due yet provided no such notice in the six months preceding her husband's death. She therefore claims to have been "mislead [sic] and deceived by the Defendants that the insurance policies were in full force and effect at the time of her husband's dealth." Compl. [1] Ex. 2, ¶ 21. She further claims that she "reasonably relied to her detriment on the payment reminders for over an 18 year period." *Id*. ¶ 18.

Defendants infer a breach-of-contract claim from the Complaint though it was not expressly asserted. The Court agrees that if such a claim was intended, it would fail as a matter of law. First, Mr. Roberts died of respiratory failure. Defs.' Mot. [10] Ex. 15. Two of the policies—Certificate Nos. 0000000905098 and 0688144188945—provided only accidental-death benefits. *Id*. Ex. 7 at 2, 4; Ex. 11. There is no record evidence that his death was accident related. The final policy, Certificate No. 1111996220193 provided for payment of a $15,000 death benefit if the policyholder died while coverage was in force. Defs.' Mot. [10] Ex. 3. So it

4

would have provided coverage, but it and the other two undisputably lapsed for nonpayment. There was no breach.

Defendants also infer a tort claim for fraud or misrepresentation.  This inference is reasonable given the averment that Defendants *misled* Roberts causing *detrimental reliance*:

> The elements of fraud or intentional misrepresentation are: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.

*Saucier v. Peoples Bank of Biloxi*, — So. 3d —, 2014 WL 1422980, at *14 (Miss. Ct. App. Apr. 15, 2014) (quoting *Virginia Coll., LLC v. Blackmon*, 109 So. 3d 1050, 1054–55 (¶ 15) (Miss. 2013)).[2]

As Defendants note, fraud and intentional misrepresentation are synonymous, and both require proof of a misrepresentation or omission.  The omission avenue is not available because it requires a fiduciary relationship and insurance companies are not fiduciaries.  *Grand Legacy, LLP v. Gant*, 66 So. 3d 137, 145 (Miss. 2011) (noting that omission theory based on fiduciary relationship); *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 403 (5th Cir. 2012) (observing that "no fiduciary relationship or duty between an insurance company and its insured in a first party insurance contract").

As for an intentional misrepresentation, there are no apparent representations.  Moreover, Defendants offered unrebutted proof that notices were actually issued for all three policies when

---

[2] Because the Complaint never mentions the terms negligence, reasonable care, or anything else that might suggest a negligence-based claim, the Court interprets it as asserting a claim for intentional misrepresentation.

the payments were due, when the policies were about to cancel, and after cancellation advising the Robertses about avenues to reinstate. *See* Defs.' Mot. [10] Ex. 1, Kathryn McDonald Aff.; Exs. 4–6, 8–10, 12–14. These notices reflect the same mailing address listed on the three certificates. Under these facts, Plaintiff has not demonstrated a misrepresentation or that Defendants acted with the necessary intent to deceive. Reasonable reliance is likewise absent because the Robertses were on notice of the policy requirement to pay premiums and had paid them for 18 years.[3]

IV.     Conclusion

Defendants' Motion for Summary Judgment [10] is granted. This case is also dismissed on the separate basis that Plaintiff failed to respond to this Court's orders. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 28th day of April, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3] The address on the policies and the address on the notices is not the same as the address Roberts states in her Complaint. All three policy certificates list the Robertses' address as 2702 10th Avenue. *See* Defs.' Mot. [10] Exs. 3, 7, 11. These certificates were issued over a 14 year period, each time using the same address. And according to the Complaint, the Robertses received various notices from Defendants through the years. But the address listed in the Complaint is slightly different—2720 10th Avenue. Of course the Court must look to the record and not the allegations of the Complaint under Rule 56. *See Celotex Corp.*, 477 U.S. at 324 ("[N]onmoving party to go beyond the pleadings."). Still, Defendants used the address on the certificates, which fails to reflect fraud.

6